UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAYSON ASSOCIATES, INC., )
    Plaintiff )   CIVIL ACTION NO.
)
)   **04 10771 MEL**
v. )
)
UNITED PARCEL SERVICE CO., )   MAGISTRATE JUDGE _Alexander_
    Defendant. )

RECEIPT # 55325
AMOUNT $150
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 4/16/04

**PETITION FOR REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant United Parcel Service Co.[1] ("UPS") hereby removes to this Court the above action pending in Massachusetts Superior Court, Suffolk County, Massachusetts (the "Action"). UPS removes this Action by special appearance without waiving any defenses or objections. As grounds for this removal, UPS respectfully shows the Court as follows:

    1. Plaintiff Jayson Associates, Inc. ("Jayson Associates") has filed suit against UPS in Massachusetts Superior Court in Suffolk County, Massachusetts. True and accurate copies of the Summons and the Complaint[2] are filed with this Petition in accordance with 28 U.S.C. § 1446(a) and are attached as Exhibit A.

---

[1] The correct title for the defendant is United Parcel Service, Inc., not United Parcel Service, Co.

[2] Service on UPS was defective in that it consisted only of a Summons, a Business Litigation Session Civil Action Cover Sheet, and a one-page Attachment to Civil Action Cover Sheet providing a one paragraph synopsis of the plaintiff's allegations and claims. The actual Complaint was *not* attached to the Summons and *not* served on UPS. Therefore, the copy of the Complaint attached is a true and correct copy of the Complaint on file with the Suffolk County Massachusetts Superior Court. By acknowledging receipt of the Summons on March 29, 2004, UPS in no way waives its contention that effective service of process has not occurred.

275910-1      1

2. UPS received a Summons in the Action on March 29, 2004.[3] This Petition therefore is timely filed pursuant to 28 U.S.C. § 1446(b).

3. Jayson Associates is a Massachusetts corporation with its principal place of business in Massachusetts. Thus, Jayson Associates thus is a citizen of Massachusetts.

4. UPS is a New York corporation with its principal place of business in Georgia. Thus, UPS thus is a citizen of New York and Georgia.[4]

5. There is complete diversity between the parties.

6. Upon information and belief, Jayson Associates seeks to recover damages in excess of $75,000. The damages claimed by the Plaintiff include counts for unjust enrichment, quantum meruit, conversion, fraud and willful and deceptive practices under M.G.L. c. 93A. The amount is controversy thus exceeds $75,000, exclusive of interest and costs.

7. This Court, therefore, has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2). This matter is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

---

[3] UPS in no way concedes or admits that the documents it received on March 29, 2004 constituted proper service of process. Service on March 29, 2004 was defective in that it consisted only of a Summons, a Business Litigation Session Civil Action Cover Sheet, and a one-page Attachment to Civil Action Cover Sheet providing a one paragraph synopsis of the plaintiff's allegations and claims. A Complaint was *not* attached to the Summons and *not* served on UPS. UPS has not in fact been served with the Complaint as of the date of this filing. By acknowledging receipt of the Summons on March 29, 2004, UPS in no way waives its contention that effective service of process has not occurred.

[4] Plaintiff erroneously named the defendant United Parcel Service Co. rather than United Parcel Service, Inc. United Parcel Service Co. is a business entity separate from United Parcel Service, Inc. Because United Parcel Service Co. is a Delaware corporation with its principal place of business in Georgia, the diversity requirements of 28 U.S.C. § 1332 would still be met if the improperly named defendant were to be considered.

275910-1                                     2

8. Pursuant to 28 U.S.C. § 1446(d), UPS will promptly serve this Petition for Removal upon the Plaintiff and will file the Notice of this Petition for Removal with the Suffolk Superior Court in Massachusetts on a timely basis.

WHEREFORE, UPS respectfully asks this Court to take jurisdiction of this civil action to the exclusion of any further proceedings in Superior Court of the Commonwealth of Massachusetts for the County of Suffolk.

UNITED PARCEL SERVICE, INC.

By its attorneys,

*/s/ Elizabeth A. Kowal*
Barry J. Waters, BBO#645595
Elizabeth A. Kowal, BBO#646326
Murtha Cullina LLP
99 High Street
Boston, MA 02110
(617) 457-4000 (telephone)
(617) 482-3868 (fax)

Of Counsel:

Richard R. Hays
Christina Hull Eikhoff
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Phone: (404) 881-7000
Fax: (404) 881-7777

DATED: April 15, 2004