UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAYSON ASSOCIATES, INC., <br> Plaintiff <br> <br> v. <br> <br> UNITED PARCEL SERVICE CO., <br> Defendant | ) <br> )    CIVIL ACTION <br> )    NO. 04-10771-RWZ <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS
ALL COUNTS OF PLAINTIFF'S COMPLAINT**

Defendant United Parcel Service Co.[1] ("UPS") and hereby submits this Memorandum of Law in Support of its Motion to Dismiss All Counts of Plaintiff's Complaint.

**Introduction**

Each count in Plaintiff's Complaint arises from the same conduct – namely, the alleged use by UPS of Plaintiff's "creative ideas and expressions" without compensation to Plaintiff. Importantly, none of Plaintiff's allegations relate to "tangible" property, but to intangible ideas and expressions. Yet, Plaintiff fails to allege a single cause of action that specifically provides protection for such intellectual property – i.e., patent infringement, copyright infringement, or trade secret misappropriation. Instead, Plaintiff attempts to fit the proverbial square peg into a round hole by alleging several state law claims that were not developed to, and indeed cannot under Massachusetts law, apply to "creative ideas and expressions." The claims asserted by Plaintiff do not permit relief for

---
[1] The correct title for the defendant is United Parcel Service, Inc., not United Parcel Service Co.

276306-1                                                        1

the alleged underlying conduct. Moreover, several of the causes of action fail for reasons independent of the fact that they fall outside of legal framework for the protection of intellectual property. As such, Plaintiff's Complaint fails to state claims upon which relief can be granted. Therefore, all counts of the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Factual and Procedural Background

This case came to this Court upon removal from the Superior Court of the Commonwealth of Massachusetts.[2]

Plaintiff Jayson Associates, Inc. ("Plaintiff" or "Jayson") is a Massachusetts advertising agency (Compl. ¶ 1.) Defendant UPS is an international package delivery, logistics, and transportation services company. According to the allegations of the Complaint,[3] Jayson developed a promotional line of products which included, among other things, paper models of UPS vehicles ("UPS Models"). (Compl. ¶ 3.) Jayson developed the UPS Models without UPS' solicitation or cooperation. (*See* Ex. 4 to Compl. (enclosing two prototype UPS Models and stating "I look forward to discussing the opportunity for Jayson Associates to produce a program for UPS").)

Between April and October of 2001, Jayson sent letters and sample UPS Models to several individuals at UPS, including the Chairman and Chief Executive Officer of UPS and the Senior Vice President of Worldwide Sales and Marketing. (Ex. 4 to Compl.) Jayson's principal, Jay Taurasi, also sent samples to a UPS Workforce Planning Manager that he met at an open house to recruit new UPS associates (Ex. 6 to Compl.),

---

[2] The basis of this Court's jurisdiction is diversity of the parties under 28 U.S.C. § 1332. Plaintiff Jayson Associates, Inc. is a citizen of Massachusetts. Defendant UPS is a citizen of New York and Georgia.
[3] UPS sets forth the allegations of the Complaint solely for purposes of this Court's consideration of the Motion to Dismiss. UPS in no way admits or concedes the truth of any of the allegations of the Plaintiff's Complaint.

276306-1

and to a UPS sales representative operating out of UPS' Hudson, New Hampshire office (Ex. 7 to Compl.). It is undisputed that none of Plaintiff's letters included non-disclosure agreements, confidentiality agreements or instructions to protect the confidentiality of the contents of the letter. (*See* Exs. 4, 6, 7.)

Plaintiff alleges that it "became aware that UPS had mailed three dimensional paper UPS delivery trucks in a nationwide promotional mailing to UPS clients" in December 2002. (Compl. ¶ 9.) Based solely on Plaintiff's observation that the miniature trucks allegedly sent in the mailing were similar to the sample UPS Models sent by Jayson in earlier unsolicited mailings to UPS, Plaintiff alleges that UPS "has misappropriated and taken for itself the creative ideas and expressions of Jayson" without compensation to Jayson. (Compl. ¶ 10.) On this basis, Plaintiff asserts the following claims: Unjust Enrichment (Count I), Quantum Meruit (Count II), Conversion (Count III), Fraud (Count IV), and G.L. c. 93A (Count V).

UPS vehemently denies the allegations that it "misappropriated" Jayson's concepts and ideas. In fact, discovery will show that Jayson's unsolicited letters and communications had no impact whatsoever on promotional materials sent by UPS. In fact, UPS independently developed the promotional materials in question *prior to* receiving any correspondence from Plaintiff. Nevertheless, even accepting the Plaintiff's allegations as true,[4] the facts alleged fail to support a single claim upon which relief can be granted. Therefore, the entire Complaint should be dismissed.

---

[4] *See Davric Maine Corp. v. U.S. Postal Serv.*, 238 F.3d 58, 60 (1st Cir. 2001) (stating that court must accept as true the allegations in the complaint for purposes of considering a defendant's motion to dismiss).

276306-1

## Legal Argument

A. **All of the Counts of the Complaint Fail Because the Alleged Causes of Action Do Not Protect Plaintiff's "Ideas" as a Matter of Law.**

The entirety of Plaintiff's Complaint is based on the alleged use by UPS of ideas expressed in Jayson's unsolicited mailings and communications to UPS. Even if UPS had used Jayson's ideas, which it did not, Massachusetts law is well-settled that ideas and expressions that are unpatented, uncopyrighted, and freely shared are not protected by the common law:

> An idea, as distinguished from the copyrighted contents of a book or a patented device or process, is accorded no protection in the law unless it is acquired and used under such circumstances that the law will imply a contractual or fiduciary relationship between the parties.

*Irizarry y Puente v. President & Fellows of Harvard College*, 248 F.2d 799, 802 (1st Cir. 1957) citing *Chadwick v. Covell*, 23 N.E. 1068 (Mass. 1890). The Complaint itself makes clear that Plaintiff did nothing to protect the confidentiality of the ideas and concepts shared in his unsolicited mailings to UPS, and the law will not imply a contractual or fiduciary relationship under the circumstances as alleged. Moreover, Jayson has not alleged patent or copyright infringement claims against UPS.[5] Therefore, as a matter of law, the Complaint fails to state a single claim upon which relief can be granted.

In a long, unbroken line of decisions, this Court has denied relief to plaintiffs in circumstances virtually identical to this case. This Court's decision in *Bowen v. Yankee*

---

[5] Although the Complaint refers to a copyright symbol appearing on the UPS Models that Plaintiff sent to UPS (Compl. ¶ 4), the Complaint does not assert a federal copyright infringement claim. Plaintiff's failure to allege a copyright infringement claim is not surprising. Plaintiff's "original expressions" are nothing more than miniature replicas of UPS vehicles, the expression of which is protected in its own right by UPS. Plaintiff's "expressions" therefore lack the originality required for federal copyright protection. *See, e.g., Hart v. Dan Chase Taxidermy Supply Co.*, 967 F. Supp. 70 (N.D.N.Y. 1997).

276306-1

4

*Network, Inc.*, 46 F. Supp. 62 (D. Mass. 1942) is particularly instructive. In *Bowen*, the plaintiff sent a "new and novel idea" for a radio program to an agent of the defendant radio network and did not receive a favorable response. More than a year later, however, the defendant began broadcasting a radio show "which contain[ed] all the features and ideas set forth in the plaintiff's creation." *Id.* at 62. The plaintiff sued the network for misappropriation of his idea without compensation, and the defendant moved to dismiss the complaint.

The Court found that the plaintiff failed to state a claim upon which relief could be granted. Importantly, the Court held: "The plaintiff maintains that he has a common-law property right in the plan and that it cannot be appropriated by the defendants with impunity. There is no property right in mere ideas." *Id.* at 63.

Not surprisingly, the Court also reasoned that the law does not protect ideas that are shared without limitation in the absence of a confidential relationship, stating, "[a]ssuming the plaintiff could have protected his idea by contract . . . he failed to do so, and when he voluntarily communicated his idea, whatever interest he had in it became common property." *Id.*

Likewise, in *Leibovitz v. Columbia Broadcasting Sys., Inc.*, No. 79-799-Z, 1991 WL 1399, at *1 (D. Mass. Jan. 29, 1981), this Court echoed the reasoning of *Bowen* and disallowed a plaintiff's claims, including a claim for breach of implied contract, where the plaintiff alleged that the defendant television network "converted to its own use certain of his ideas for television programs and specials" that the plaintiff had shared "in an attempt to demonstrate his creative abilities" in a letter seeking employment. *Leibovitz*, 1991 WL 1399, at *1. There, the Court held:

> The unconditional public disclosure of an idea by the originator makes it the property of all and operates to deprive the originator of any further proprietary rights in it. ... Although plaintiff could have protected his idea by contract, he failed to do so. An unsolicited disclosure cannot impose upon defendant an implied contractual or fiduciary relationship.

*Id.* at *1.

This Court also granted the defendant's motion for summary judgment in *Moore v. Marty Gilman, Inc.*, 965 F.Supp. 203 (D. Mass. 1997), where a plaintiff football coach alleged that the defendant developed and sold an athletic training ball based on concepts and ideas from discussions with the plaintiff for the development of his own training ball. *Moore*, 965 F. Supp. 203. There, the plaintiff's claims included breach of express and implied contract, fraud, and unfair trade practices under Massachusetts General Laws, Chapter 93A. The plaintiff's ideas in *Moore* were not patented, and the Court found that in sharing his concepts with the defendant, the plaintiff had done nothing to protect the confidentiality of his ideas. *See id.* at 213. Accordingly, the Court held that the plaintiff's claims failed to the extent the ideas were openly shared in preliminary meetings. *See id.* at 220.

Jayson's Complaint attempts to travel the well-worn path that has proven to be a dead-end to other plaintiffs. The causes of action asserted in the Complaint simply do not protect Plaintiff's "creative ideas and expressions."

First, Plaintiff's unjust enrichment and quantum meruit claims (Counts I and II) allege that Jayson presented its ideas to UPS "with an expectation that if UPS accepted the concept and used the products, that Jayson would be compensated" and that Jayson "presented [his concept and product line] to UPS for its consideration with full

276306-1

6

expectation of payment if UPS elected to use the same." (Compl. ¶¶ 12, 14.) Yet, the prior cases from this Court make clear that a plaintiff who freely shares its ideas in unsolicited communications cannot have an expectation of compensation for the use of those ideas. As set forth in *Moore*,

> Because [the defendant] had not solicited the information and [the plaintiff] volunteered it purely out of self-interest, [the plaintiff] could not reasonably have expected [the defendant] to pay for the information disclosed on this occasion.

*Id.* at 219. Likewise, Jayson could not reasonably have expected UPS to pay for the concepts expressed in his unsolicited letters and voluntary communications to various UPS representatives. Jayson chose to share his ideas with UPS without seeking any protection whatsoever by contract or by meeting the requirements to protect such ideas or expressions set forth by the Patent Act, the Federal Copyright Act or the appropriate trade secrets statutes. Plaintiff's attempt to make an end-run around the well-settled framework for protecting "ideas and expressions" through artfully plead unjust enrichment and quantum meruit claims must fail. *See Leibovitz*, 1981 WL 1399, at *1 (denying relief under theory of implied contract). This Court should dismiss Counts I and II of the Complaint.

The remainder of Jayson's claims – Conversion (Count III), Fraud (Count IV), and Chapter 93A (Count V) – must also fail. Each rests on the same flawed logic that plagues the first two counts. The Conversion claim alleges that "UPS converted the *creative expressions, ideas and product line*" of Plaintiff. (Compl. ¶ 16 (emphasis added).) The Fraud claim is based on the "misappropriation by UPS of Jayson's *creative expressions, ideas and product line*" (Compl. ¶ 18 (emphasis added)), and the Chapter

93A claim simply incorporates by reference all of the allegations in the Complaint (Compl. ¶ 20). Again, Plaintiff asserts causes of action that cannot afford relief for the alleged use of ideas and concepts under well-settled Massachusetts law. *See Moore*, 965 F. Supp. at 212, 218, 220 (denying relief for conversion, fraud, and Chapter 93A claims); *President & Fellows of Harvard College*, 248 F.2d at 800 (denying relief for conversion and deceit claims). Therefore, Counts III, IV, and V of the Complaint should be dismissed.

    B.   <u>In Addition to the Foregoing, Several Counts of the Complaint Fail to Satisfy the Elements Required for Those Causes of Action under Massachusetts Law.</u>

As set forth above, this Court has repeatedly held that freely shared ideas are not afforded protection under any theory of Massachusetts common or statutory law. Notwithstanding this applicable and binding precedent, several of Plaintiff's claims fail for the wholly independent reason that the basic elements of those claims have not been satisfied as alleged in the Complaint.

    *1. Fraud Claim (Count IV)*

Plaintiff's entire fraud claim is articulated in a single sentence in the Complaint: "The misappropriation by UPS of Jayson's creative expressions, ideas and product line constitutes common law fraud for which Jayson is entitled to compensation from UPS." (Compl. ¶ 18.) This allegation does not even approach the requirements necessary to state a claim for fraud.

To sustain a fraud claim under Massachusetts law, a plaintiff must prove the following elements:

> (1) the defendant made a misrepresentation of fact; (2) it was made with the intention to induce another to act upon it; (3) it was made with the knowledge of its untruth; (4) it

> was intended that it be acted upon, and that is was in fact acted upon; and (5) damage directly resulted therefrom.

*Equipment & Sys. for Indus., Inc. v. Northmeadows Constr. Co.*, 798 N.E.2d 571, 574 (Mass. App. Ct. 2003). On its face, Plaintiff's cursory fraud allegation fails to meet every prong of this legal standard. The Complaint does not identify a misrepresentation. It says nothing of an intention to induce action or knowledge of untruth. It makes no allegation of reliance. And, it establishes no damages. Count IV should be dismissed. *See Spencer Cos. v. Chase Manhattan Bank, N.A.*, 81 B.R. 194, 202 (D. Mass. 1987) (finding fraud claim properly dismissed "because of the failure of the complaint to allege any actions or words of the defendants that could be characterized as a misrepresentation of material fact").

Not only is the fraud count insufficiently pled, no amount of artful pleading could possibly salvage the claim. Under the minimal facts that Plaintiff has alleged, UPS simply made no "misrepresentation" to the Plaintiff. Jayson voluntarily sent several unprotected UPS Models to various UPS representatives. (Compl. ¶¶ 5, 6, 7.) The Plaintiff itself concedes that "Jayson *never received any response from UPS.*" (Compl. ¶ 8 (emphasis added).) Therefore, it is impossible to conform the facts as alleged with penultimate element required for a fraud claim – a misrepresentation. This substantive deficiency precludes any further logical application of the elements of a fraud claim to the factual allegations in the Complaint. If there is no misrepresentation, then there is no knowledge of the falsity of a misrepresentation, no reliance on a misrepresentation, and no damages arising from a misrepresentation. Accepting all of the allegations of the Complaint as true, UPS made no representation whatsoever to Jayson. Therefore, Plaintiff's fraud claim is hopelessly deficient and should be dismissed.

### 2. *Conversion Claim (Count III)*

Plaintiff's conversion claim also fails to meet an essential common law element. Under Massachusetts law, an action in conversion requires the taking of **personal property** or **chattel**. *See Third Nat. Bank of Hampden County v. Continental Ins. Co.*, 446 N.E.2d 380, 383 (Mass. 1983) ("Conversion requires the exercise of dominion or control over the *personal property* of another." (emphasis added)); *Gouin v. Gouin*, 249 F.Supp.2d 62, 76 (D. Mass. 2003) (applying Massachusetts law and quoting the Restatement (Second) of Torts' definition of conversion as "an intentional exercise of dominion or control over a *chattel* . . . ." (emphasis added)).

In an action based on the alleged misappropriation of "source code" for a bioscientific pump, this Court stated:

> With respect to the conversion claim, this court previously stated that it could not locate any authority to suggest that Massachusetts has expanded the common law tort of conversion beyond its traditional application to chattels.

*Harvard Apparatus, Inc. v. Cowen*, 130 F. Supp.2d 161, 164 (D. Mass. 2001) (internal quotations and citations omitted). Indeed, Massachusetts state courts have repeatedly held that a conversion action with respect to intangible property, such as Jayson's "ideas and expressions," cannot lie. *See Nadal-Ginard v. Children's Hosp. Corp.*, No. 943782E, 1995 WL 1146118, at *8-9 (Mass. Super. Dec. 1, 1995) (holding that intellectual property may not be the subject of a conversion action); *Export Lobster Co. v. Bay State Lobster Co.*, No. CA926348E, 1994 WL 902930, at *6 (Mass. Super. Oct. 31, 1994) (holding that intangibles may not be the subject of a conversion action). Jayson's claim for conversion of its "creative expressions, ideas and product line" fails under Massachusetts law, and should be dismissed. (Compl. ¶ 16.)

### 3. Chapter 93A Claim (Count V)

Count V of the Complaint contains the conclusory allegation that "[t]he actions of UPS as described in this complaint constitute a willful and deceptive trade practice within the meaning of G.L. c. 93A, § 11." (Compl. ¶ 20.) No allegation in the Complaint, however, gives rise to the extraordinary remedies provided under Chapter 93A for unfair and deceptive trade practices.

The Appeals Court of Massachusetts has established that Chapter 93A claims will not lie in the typical business dispute: "The objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." *Levings v. Forbes & Wallace, Inc.*, 396 N.E.2d 149, 153 (Mass. App. Ct. 1979). For example, the U.S. Court of Appeals for the First Circuit upheld this Court's dismissal of a Chapter 93A claim where the plaintiff had failed to articulate the basis of its 93A claim and the allegations elsewhere in the complaint could not rise to an actionable level under Chapter 93A. The appellate court held that the "general meter" of Chapter 93A claims

> is that the defendant's conduct must be not only wrong, but also egregiously wrong – and this standard calls for determinations of egregiousness well beyond what is required for most common law claims.

*Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26 (1st Cir. 1998).

The allegations of Jayson's Complaint do not come close to satisfying this standard. Plaintiff summarizes the entirety of UPS' "willful and deceptive trade practice" conduct as follows: "After Jayson presented [its] promotional concept and products to UPS, UPS presented an identical line of product without compensation to Jayson."

(Compl. ¶ 10.) All of the allegations of the Complaint rest on Jayson's subjective observation that UPS circulated promotional materials "identical" to samples it submitted to UPS in unsolicited mailings. From this observation, Jayson *infers* that UPS "misappropriated" its "creative ideas." Jayson makes no specific allegation that UPS acted willfully and knowingly. Certainly, there is nothing in this allegation that could support, or even imply that UPS acted with "a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." *Levings*, 396 N.E.2d at 153.

Were this claim to survive, there would be no limit to the application of Chapter 93A claims to business disputes. An aggrieved plaintiff will always believe that it has been treated in an "unfair" manner by a defendant because every complaint contains an allegation that the defendant acted unlawfully. However, every complaint must not also contain an additional count for treble damages and attorneys' fees under Chapter 93A simply by incorporating by reference the rest of the complaint. Therefore, Count V should be dismissed because it fails to meet the high standards of egregious conduct required to sustain such a claim.

Additionally, Plaintiff's 93A claim should be dismissed on the basis that Plaintiff fails to allege damages directly resulting from UPS' alleged actions. As a prerequisite to bringing suit under Chapter 93A, § 11, a person must have "suffer[ed] any loss of money or property, real or personal, as a result of the use or employment . . . of an unfair method of competition or an unfair or deceptive act or practice . . . ." G.L. c. 93A, § 11. Yet Count V of the Complaint does not contain any articulation of how Jayson suffered damages as a result of UPS' alleged conduct. This critical omission of an allegation as to

the causation of cognizable economic harm to Jayson is a "fatal flaw" warranting dismissal. *See Massachusetts School of Law at Andover, Inc.*, 142 F.3d at 43.

## Conclusion

For the reasons stated herein, this Court should allow Defendant's Motion to Dismiss All Counts of Plaintiff's Complaint.

United Parcel Service, Inc.

By its attorneys,

*/s/ Elizabeth A. Kowal*
Barry J. Waters, BBO#645595
Elizabeth A. Kowal, BBO#646326
Murtha Cullina LLP
99 High Street
Boston, MA 02110
(617) 457-4000 (telephone)
(617) 482-3868 (facsimile)

Of Counsel:

Richard R. Hays
Christina Hull Eikhoff
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Phone: (404) 881-7000
Fax: (404) 881-7777

Dated: April 21, 2004

---

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

DATE: 4/21/04    /s/ EAK

---

276306-1

13