UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10771-RWZ

JAYSON ASSOCIATES, INC.

v.

UNITED PARCEL SERVICE CO.

MEMORANDUM OF DECISION

July 15, 2004

ZOBEL, D.J.,

Plaintiff Jayson Associates, Inc. ("Jayson"), an advertising agency, developed a promotional line of products called "Track Stars," which consists of paper with precut lines allowing for assembly of three-dimensional vehicles. Without prior agreement, Jayson generated three such vehicles for defendant United Parcel Service, Inc.[1] ("UPS") in the hopes of creating a business relationship with UPS. Jayson then unsuccessfully presented Track Stars to UPS in April 2001 and again in May 2001. In a follow-up letter to UPS, Jayson enclosed a copy of a UPS truck and race car. In October 2001, Jayson presented Track Stars yet again to another UPS representative and sent another letter. At that time, Carolyn Bouche, a UPS employee, told Jayson that she would present Track Stars to headquarters and asked for pricing. In a letter dated October 30, 2001, Jayson sent her the requested price quotes. UPS never responded. Jayson alleges that in February 2003, he learned that UPS had mailed three dimensional paper UPS trucks to its clients in a

---

[1] UPS states that the correct title for defendant is UPS, Inc.

national mailing in December 2002. Thereafter, on February 19, 2004, Jayson filed a Complaint in state court against UPS, alleging the following counts: (1) unjust enrichment, (2) quantum meruit, (3) conversion, (4) fraud, and (5) violation of Mass. Gen. Laws ch. 93A § 11. On April 16, 2004, defendant removed the case to this Court and now moves to dismiss all counts on the grounds that plaintiff's ideas are not protected as a matter of law and some of the counts lack necessary elements.

Plaintiff has a property right in a novel and original idea.[2] Puente v. President and Fellows of Harvard College, 248 F.2d 799, 802 (1st Cir. 1957). However, "[a]n idea, as distinguished from the copyrighted contents of a book or a patented device or process, is accorded no protection in the law unless it is acquired and used under such circumstances that the law will imply a contractual or fiduciary relationship between the parties." Id. Such a relationship is implied when defendant "expressly or impliedly assent[s] to pay for the plaintiff's services and expenses." Anisgard v. Bray, 419 N.E.2d 315, 318 (Mass. App. Ct. 1981). While defendant is free to reject plaintiff's idea at any time before implementing it, once defendant tells plaintiff that it intends to pay him if his idea is used, it is bound to do so. Id.

Here, Jayson alleges that after its initial presentation, Rosemary Windsor, a UPS Vice President, responded in a letter dated April 20, 2001, stating that "at this time, we do not feel that we can take advantage of the opportunities associated with Jayson Associates and Track Stars. We will certainly keep your information on file and should our

---

[2] Notably, the novelty of plaintiff's idea or lack thereof is not an issue here.

position change, we will surely contact you." (Compl. at Ex. 5). Although the letter rejects Jayson's business proposal, it suggests that should UPS decide to use the paper vehicle idea, it will contact Jayson presumably to work out details concerning production and payment. Furthermore, Jayson alleges that at a later date, Carolyn Bouche, a UPS representative, expressed interest in Track Stars and requested price quotes from him, which again gives rise to the implicit understanding that UPS would pay Jayson if it used the paper vehicle idea. On this record, I cannot say that plaintiff has no rights in his Track Stars idea.

UPS properly asserts that a cause of action for conversion (Count Three) does not apply to intangible items. See Harvard Apparatus, Inc. v. Cowen, 130 F. Supp. 2d 161, 164 (D. Mass. 2001)("[T]his court previously stated that it could not locate any authority to suggest that Massachusetts has expanded the common law tort of conversion beyond its traditional application to chattels.")(quotations omitted). Contrary to Jayson's general response that Track Stars is tangible, its papers state otherwise: "[i]n furtherance of its conversion claim, Jayson alleges that UPS converted its creative expressions, ideas and product line known as the Track Stars program." (Pl.'s Opp'n at 5). Furthermore, Jayson does not allege that it owns the Track Stars idea in any legal sense. Although it states that the sample paper vehicles had a copyright label on them, Jayson nowhere argues that it actually owns a copyright. Defendant cannot convert what plaintiff does not own. Nadal-Ginard v. Children's Hospital Corp., 1995 WL 1146118 (Mass. Super.). Count Three is dismissed.

Count Four alleges fraud. To establish a fraud claim under Massachusetts law,

plaintiff must show that the defendant knowingly made a misrepresentation with the intention of inducing plaintiff to rely on it and plaintiff did rely on it to his detriment. Equipment & Sys. for Industry, Inc. v. Northmeadows Constr. Co., 798 N.E.2d 571, 574 (Mass. App. Ct. 2003).  UPS correctly states that the facts as alleged cannot support a fraud claim.  Jayson's contention that the request for a price quote by UPS amounted to a misrepresentation that it would pay Jayson if it used the paper trucks, and, further, that such request was made with the intent to induce Jayson to detrimentally refrain from seeking compensation, is unavailing.  Count Four is dismissed.

Finally, UPS argues that Count Five, a Chapter 93A claim, is not actionable because Jayson's allegations are not sufficiently egregious.  Massachusetts courts have consistently held that a party who breaches a contract for his own benefit has acted unfairly for Chapter 93A purposes.  Arthur D. Little, Inc. v. Dooyang Corp., 147 F.3d 47, 55 (1st Cir. 1998)(citation omitted).  Furthermore, "Chapter 93A liability is decided case-by-case and Massachusetts courts have consistently emphasized the 'fact-specific nature of the inquiry.'" Id.  At this stage, on these facts, Jayson's claim, which essentially alleges that UPS used its idea without compensating it as UPS implicitly agreed, suffices.  In response to UPS's assertion that Jayson failed to allege damages, Jayson states that it seeks compensation at the rates embodied by its price quotes.

Accordingly, defendant's Motion to Dismiss is allowed as to Counts Three and Four only.  Counts One, Two and Five remain.

_____        /s/ Rya W. Zobel_____

DATE                              RYA W. ZOBEL
                                  UNITED STATES DISTRICT JUDGE