## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAYSON ASSOCIATES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | FILE NO. 04-10771-RWZ |
| UNITED PARCEL SERVICE CO., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ANSWER

Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendant United Parcel Service Co. hereby responds to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by a lack of consideration.

### THIRD DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### FOURTH DEFENSE

Plaintiff's claims are barred because its alleged idea is not original.

### FIFTH DEFENSE

Plaintiff's claims are barred because Plaintiff has no legally protected property right in the product or idea at issue.

ATL01/11702246v1

## SIXTH DEFENSE

Plaintiff's right to recover any sum, which UPS expressly denies, is limited to recovery of single damages for failure to provide a specification of damages sufficient to enable UPS to respond under MGL c. 93A.

Subject to and without waiving the foregoing defenses, UPS responds to the individually-numbered paragraphs of Plaintiff's Complaint as follows:

1.

UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint. Said allegations therefore stand denied.

2.

UPS admits that it is a New York corporation registered to do business in the Commonwealth of Massachusetts and that it is engaged in the business of delivering freight, parcels, and personal mail. The remaining allegations contained in Paragraph 2 of Plaintiff's complaint are denied.

3.

UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint.. UPS further denies any implication that the idea for such cutouts was original or unique to Plaintiff.

4.

The allegations contained in Paragraph 4 of Plaintiff's Complaint are denied.

5.

UPS admits that Exhibits 4 & 5 are true and correct copies of letters dated April 11 and April 20, 2001, respectively, and admits that they speak for themselves as to their substantive content. UPS denies any and all allegations inconsistent therewith.

6.

UPS is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint. Said allegations therefore stand denied.

7.

UPS admits that Exhibits 7 & 8 are true and correct copies of letters dated October 21 and October 30, 2001, respectively, and admits that they speak for themselves as to their substantive content. UPS denies any and all allegations inconsistent therewith.

8.

The allegations contained in Paragraph 8 of Plaintiff's Complaint are denied.

9.

UPS is without knowledge or information sufficient to form a belief as to what Plaintiff allegedly knew or believed. The first and second sentences of Paragraph 9 of Plaintiff's Complaint therefore stand denied. UPS admits that Exhibit 9 appears to depict a model UPS truck but denies the remaining allegations contained in Paragraph 9. UPS further denies any implication that Plaintiff had a legally protected interest in its depictions of UPS vehicles or marks.

10.

The allegations contained in Paragraph 10 of Plaintiff's Complaint are denied.

## COUNT I – Unjust Enrichment

11.

UPS hereby incorporates and restates by reference its responses to Paragraphs 1 through 10 of Plaintiff's Complaint as if fully set forth herein.

12.

The allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

## COUNT II – Quantum Meruit

13.

UPS hereby incorporates and restates by reference its responses to Paragraphs 1 through 12 of Plaintiff's Complaint as if fully set forth herein.

14.

The allegations contained in Paragraph 14 of Plaintiff's Complaint are denied.

## COUNT III – Conversion

15.

UPS hereby incorporates and restates by reference its responses to Paragraphs 1 through 14 of Plaintiff's Complaint as if fully set forth herein.

16.

The allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

## COUNT IV – Fraud

17.

UPS hereby incorporates and restates by reference its responses to Paragraphs 1 through 16 of Plaintiff's Complaint as if fully set forth herein.

18.

The allegations contained in Paragraph 18 of Plaintiff's Complaint are denied.

## COUNT V – M.G.L. c .93A

19.

UPS hereby incorporates and restates by reference its responses to Paragraphs 1 through 18 of Plaintiff's Complaint as if fully set forth herein.

20.

The allegations contained in Paragraph 20 of Plaintiff's Complaint are denied.

WHEREFORE, UPS prays that Plaintiff's Complaint be dismissed with prejudice, with all costs cast upon the Plaintiff, and for such other relief as this Court deems just and proper.

United Parcel Service, Inc.
By its attorneys,

Barry J. Waters, BBO#645595
Elizabeth A. Kowal, BBO#646326
MURTHA CULLINA LLP
99 High Street
Boston, MA 02110
(617) 457-4000 (telephone)
(617) 482-3868 (facsimile)

Of Counsel:

ALSTON & BIRD LLP
Richard R. Hays
Paul J. Kaplan
Christina Hull Eikhoff
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)

Attorneys for Defendant

Dated: July 29, 2004

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS DAY
A TRUE COPY OF THE ABOVE DOCUMENT
WAS SERVED UPON THE ATTORNEY OF
RECORD FOR EACH PARTY BY MAIL BY
HAND.

DATE: 7/29/04